IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:11CV181-RLV

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| MARK S. THOMAS, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the United States' Motion for Summary Judgment and incorporated memorandum of law, filed February 7, 2012. (Document No. 5) After having carefully reviewed the motion and record in this case, it appears that the United States may be entitled to summary judgment of this action as a matter of law. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Defendant Mark S. Thomas, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion for summary judgment. Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). This language means that if the Defendant has any evidence to offer to show that there is a genuine issue for trial, he must now present it to the Court in a form that would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; in other words, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Affidavits or statements must be presented by the Defendant Thomas to this Court by Friday, June 29, 2012. As stated by Rule 56(e), the Defendant's failure to respond may result in the action being dismissed by way of summary judgment.

**IT IS, THEREFORE, ORDERED** that the Defendant Mark S. Thomas is allowed until **Friday, June 29, 2012**, to respond to the United States' Motion for Summary Judgment in accordance with the provisions of Fed. R. Civ. P. 56(e).

Signed: June 1, 2012

Richard L. Voorhees
United States District Judge