IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:11CV181-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | **Memorandum and Order** |
| ) | |
| MARK S. THOMAS,   ) | |
| Defendant.   ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the United States' Motion for Summary Judgment and incorporated memorandum of law, filed February 7, 2012. (Document No. 5) Defendant Mark S. Thomas ("Thomas"), who is proceeding *pro se*, has not responded to the Government's motion despite issuance of a "Roseboro notice" on June 1, 2012.[1] (Document No. 7)

This suit arises from Defendant Thomas's failure to make payment on an outstanding student loan and the United States' attempt to collect on the debt pursuant to the Fair Debt Collection Practices Act of 1990, 28 U.S.C. § 3001, *et seq*.

On December 19, 2011, the United States filed a Complaint alleging that Thomas executed a promissory note to secure a loan from the Department of Education, that loan proceeds were disbursed to (or on behalf of) Thomas in 1998, and that Thomas has only paid $50.00 towards his loan balance.[2] (Document No. 1 / Compl., ¶4 / Exh. A)

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[2] The loan was issued by the Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087, *et seq*. (34 C.F.R. Part 685). (Compl, Exh. A)

The Government demanded payment on the loan in accordance with its terms.  In his only submission in this civil action filed via facsimile on January 20, 2012, neither sworn nor signed under penalty of perjury, Thomas contends that the amount the United States seeks to recover in monetary damages is inaccurate and / or invalid.  (Document No. 4) Despite guidance provided by way of the Roseboro notice, Thomas has not supported his contention with any documentary evidence.[3]  Thomas claims generally that he is unable to make payment due to unemployment (and underemployment) since graduation from college.  (Document No. 4) Thomas has paid a total of $50.00 towards the loan balance and has been in default since March 18, 2003.[4]  (Compl., Exh. A)

According to the Government, Thomas owes $92,534.85 in principal, plus interest in the amount of $45,072.43 (calculated as of 12/9/11[5]), and the additional interest amount at the applicable note rate from the same date.  (Compl., ¶5) It appears that Thomas' challenge to the Government's figure is based upon the calculation of interest.[6]  (Document No. 4) Indeed, the

---

[3] In the Roseboro notice, Defendant was instructed:

> [I]f the Defendant has any evidence to offer to show that there is a genuine issue for trial, he must now present it to the Court in a form that would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations.  An affidavit is a written statement under oath; in other words, a statement prepared in writing and sworn before a notary public.  An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

(Document No. 7)  Defendant was also expressly advised that failure to respond may result in the requested relief being granted.  Id.

[4] Thomas is not in military service and not within the protection of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended by the Service Members' Civil Relief Act of 2003.  (Compl., ¶3)

[5] The Complaint states that interest was calculated as of December 9, 2011.  (Government's Mem. In Supp. / Exh. A)

[6] According to Thomas, he owes a total principal amount of $68,401.03 [Disbursement 1 - $5,273.58 (subsidized); Disbursement 2 - $63,127.45 (unsubsidized)] as reflected in the "Certificate of Indebtedness #1 of 1." (Document No. 4)

Certificate of Indebtedness indicates that a total of $24,133.82 in unpaid interest was capitalized and added to the principal balance, 34 C.F.R. § 685.202(b). (Compl., Exh. A)

In light of the Certificate of Indebtedness produced by the United States, and the absence of any *evidence* calling the Government's claim into question, the Court finds that the United States is entitled to judgment as a matter of law. Finally, although the Department of Education appears to have the discretion to capitalize unpaid interest when the borrower defaults on the loan, 34 C.F.R. § 685.202(b)(5), the capitalization of unpaid interest will not be included in the actual Judgment.[7]

**IT IS, THEREFORE, ORDERED** that United States' Motion for Summary Judgment is hereby **GRANTED**. Accordingly, final judgment shall be entered against Defendant Thomas by the Deputy Clerk in the amount of **$68,401.03** (total principal), ***plus interest*** consistent with the terms of the loan and the applicable federal regulations.[8]

Signed: July 12, 2012

Richard L. Voorhees
United States District Judge

---

[7] The regulation reads in pertinent part: "The Secretary *may* capitalize unpaid interest when the borrower defaults on the loan." 34 C.F.R. 685.202(b)(5) (2010) (*emphasis added*).

[8] If the Government elects to pursue the capitalization of interest, which significantly increases the outstanding indebtedness of Defendant Thomas, the final judgment will reflect that interest is included.